THE BERGSON COMPANY *vs.* ZONING BOARD OF REVIEW OF THE CITY OF WOONSOCKET.

JUNE 10, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

Powers, J. This is a petition for a writ of certiorari to review the action of the zoning board of review of the city of Woonsocket in denying the application of the petitioner for an exception or variance to permit the erection of a sales and service building on a certain tract of land located in a residential district. We issued the writ and in compliance therewith the pertinent records have been certified to this court.

It appears therefrom that petitioner is the owner of a large tract of land consisting of an estimated twenty acres located on the easterly side of Mendon Road and fronting thereon for a distance of 872.76 feet. The application was for a variation pursuant to the provisions of chapter 62, sec. 24 (C), of the zoning ordinances which read: "Upon application in a specific case, the board of review may authorize such variance in the application of the terms of this ordinance as will not be contrary to the public interest, where owing to special conditions a literal enforcement of the provisions of this ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done." This provision is a verbatim recital of the powers conferred directly upon the board by general laws 1956, §45-24-19 c.

The application in substance states that petitioner sought

to establish a commercial use for the erection of a building 80 by 90 feet, set back 40 feet from the highway, which would be utilized as a salesroom and service facilities in connection with the display and sales of a foreign make automobile. It alleges that because most of the tract in question consists of an outcropping of ledge rising to substantial height it is not suited for residential purposes, and being situated in a residential area there is a resulting unnecessary hardship.

The application was duly published in the Woonsocket Call, a daily newspaper having general circulation, and thereafter as stated in the notice a hearing was held on December 14, 1959. In support of its application petitioner offered the testimony of four witnesses and several exhibits consisting of pictures, blueprints and specifications. Five remonstrants testified in opposition.

Clifford J. O. Nelson, secretary of petitioner corporation, testified in essence that The Bergson Company had been incorporated after the death of his mother in 1950; that the property had been in his family for many years, including the eight years it had been owned by the corporation; that it was mostly ledge which sloped gradually from a great height to level land varying in depth along the highway from a minimum of 30 or 40 feet to a maximum of 150 or 200 feet; that all efforts to sell it for the erection of dwelling houses were unavailing since, according to contractors who had been consulted, the excavation of cellars would be proportionately too expensive and "it would have to be slab houses in which no one is interested in building that type of a dwelling." His testimony was more or less corroborated by Nelson T. Wright, a real estate agent and former tax assessor, and by J. Almanzor Brien, a local contractor. The former testified that except for a small flat parcel along the road the property was useless. He estimated that such parcel was about 100 feet in depth and stated that the rest of the property was solid ledge.

Brien testified that he had been a contractor for thirty-five years, that he had viewed the land, and that it was 80 per cent ledge and unsuitable for residential purposes. The evidence also discloses that the immediate neighborhood consists of dwelling houses, several billboards, an old mill, and a gasoline station some distance north of the property. However, it does not appear whether these were nonconforming uses or otherwise.

Charles C. Lawrence testified that he was the person who intended to erect the building to house a Volkswagen salesroom and service facilities if the variance were granted. It appears from the record that either he or some undisclosed principal had negotiated a purchase of the property in the event the board acted favorably on the application. Lawrence further testified that the plans did not include a gasoline station "at this time"; that no body shop was intended; and that the cost of the building might run as high as $57,800. He showed pictures of comparable buildings to the board.

The remonstrants were all homeowners whose property was in the immediate neighborhood. They objected for the not uncommon reasons that the proposed change would constitute a traffic hazard, being located at a curve in Mendon Road where a number of accidents had resulted in highway fatalities; that they had built their homes in a residential district to be free of commercial or industrial developments; that the proposed building and business to be operated therein would result in the depreciation of their property; and that the land was suitable, at least along the highway, for residential purposes. Raymond A. Dumas, one of the five remonstrants, testified in part, "I don't feel familiar with the area in the back there but there is quite a lot of land and some of my neighbors might buy it if it were for sale for houses."

The board took the application under advisement and in executive session voted to deny it, giving as its reasons,

138

"This request is for a tract consisting of 20 acres in a residential area, and it is felt that it would not be to the best interests of the city of Woonsocket to allow the establishment of a business for 20 acres of land in a residential district."

The petitioner contends that the decision of the board is illegal and a clear abuse of its discretion. In support thereof it is argued that the record discloses clear, conclusive and uncontradicted testimony that by reason of the natural condition of the tract in question it is not suitable for residential purposes, and that for many years continued efforts to sell the property for the permitted use have not been successful because of its peculiar composition. The denial of a variance in this case, petitioner submits, deprives it of all beneficial use of its land.

The respondent contends with equal force that the record is not barren of evidence from which it might reasonably conclude that petitioner failed to meet the burden of proving by a fair preponderance of credible evidence that denial of its application would result in an unnecessary hardship.

Prescinding from the merits of the conflicting contentions, we are of the opinion that in denying petitioner's application for the grounds on which it relied the board exceeded its jurisdiction. It was without authority to determine that the variation requested was not in the best interests of the city. As was stated in *Kent* v. *Zoning Board of Review*, 74 R. I. 89, at page 92, "The ultimate purpose of the hearing on an application for a variance, according to the enabling act, is to preserve the spirit of the ordinance and do substantial justice to the applicant."

The right of an applicant to a variance when the denial thereof would result in the loss of all beneficial use of the property and constitute an unnecessary hardship is as fully embraced in the spirit as in the letter of the ordinance, and a dismissal of an application on grounds though seemingly

laudable in the abstract but beyond those stated in the ordinance clearly precludes the achievement of justice to which the applicant is entitled.

Manifestly here the board has applied an inappropriate standard and in so doing has misconceived its duty in the consideration of the application. At this juncture, therefore, it would be equally inappropriate for us to further discuss the record, or to indicate in any manner a view which would influence the decision which we hold the board must make upon a reconsideration of this case.

The petition is granted, the decision denying the petitioner's application for a variance is quashed, and the records certified are sent back with instructions to the respondent board to reconsider such application in accordance with this opinion, reserving to the board the right to hear further evidence if it so desires.

*Irving I. Zimmerman*, for petitioner.

*William J. Gearon*, Assistant City Solicitor, for respondent.