THE BERGSON COMPANY *vs.* ZONING BOARD OF REVIEW OF THE CITY OF WOONSOCKET.

FEBRUARY 16, 1961.

PRESENT: Condon, C. J., Roberts, Powers and Frost, JJ.

POWERS, J. This is a petition for certiorari to review a decision of the zoning board of review of the city of Woonsocket denying the petitioner corporation's application for a variance. We issued the writ and in response to the mandate thereof the pertinent papers and records were certified to this court.

It appears therefrom that on November 23, 1959 the petitioner applied to the zoning board of review, hereinafter referred to as the board, for a variation from the terms of the zoning ordinance in accordance with section 24 (C) thereof. The variance sought was in connection with the petitioner's plans for the construction and operation of an automobile salesroom by a prospective purchaser on a parcel of land located on Mendon road. The property consists of approximately twenty acres situated in a district which is zoned as residential. The record discloses that except for a strip varying in depth from something in excess of 150 feet and tapering to 30 or 40 feet, the land is covered with an outcropping of solid ledge which rises to a great height. This strip runs north and south along the easterly line of Mendon road for a distance of 872.76 feet. Although

there is little if any outcropping on such strip it is also composed of ledge.

After due notice a hearing was held December 14, 1959 on petitioner's application, which was thereafter denied by the board for the reason that "it is felt that it would not be to the best interests of the city of Woonsocket to allow the establishment of a business for 20 acres of land in a residential district." Thereupon the petitioner took its appeal by certiorari to this court. *Bergson Co.* v. *Zoning Board of Review*, 91 R. I. 134, 161 A.2d 414.

We held therein that the board had no authority to determine that the variation requested was not in the best interests of the city. We granted the petition, quashed the decision denying the application, and ordered the records returned to the board for reconsideration, reserving to the board the right to hear further evidence if it so desired. After the board reconsidered the application as directed in our opinion, it again denied the application. The case is here on petitioner's appeal from such denial.

It appears from such decision that on August 8, 1960 the board in executive session recorded itself in all relevant particulars as follows:

"Upon reconsideration, it is felt the Board does not require additional evidence in view of the fact that the entire transcript of the evidence presented in this matter was reviewed, and upon consideration of the statements made at the hearing of December 14, 1959, wherein the petitioner, through its representative, stated that they had no desire to use the entire area but could use a part thereof; it is the opinion of the Board that the granting of such Variance to rezone 20 acres from 'Residential' to 'Business' would not serve the public interest and in effect would be contrary to the public interest; it was not shown, in the opinion of the Board, that evidence has been presented wherein an unnecessary hardship was established by enforcement of the Zoning Ordinance. Therefore, in consideration of the evidence as presented, the Board feels that the state-

ment that the petitioners do not need to have the entire 20 acres rezoned for the purposes of their original petition defeats the inference that the land as presently zoned creates an unnecessary hardship."

The evidence to which the board refers as having been adduced at the hearing on December 14, 1959 is sufficiently set forth in our prior opinion and we do not consider it necessary to repeat it here.

The petitioner contends that the board has again exceeded its jurisdiction by failing to apply the applicable standards, namely, that the variance if granted will not be contrary to the public interest and that a denial of the application would result in unnecessary hardship and deny to petitioner all beneficial use of its land.

The respondent argues with equal vigor that it did not exceed its jurisdiction, did apply the proper standards and did so in accordance with the import of our prior opinion. It contends that its decision to hear no further evidence was its exclusive prerogative and petitioner cannot complain that it confined its reconsideration to the record compiled at the December 14, 1959 hearing.

We do not perceive that petitioner is objecting to the failure of the board to reopen the hearing for the purpose of receiving additional evidence. Rather, petitioner's complaint is that, having decided to reconsider the application on the evidence already before it, the board for a second time has exceeded its jurisdiction by failing to apply the proper standards and abused its discretion in denying the application on the evidence so reconsidered. We think there is merit in petitioner's position on the question of abuse of discretion.

The respondent calls our attention to the second decision in *Kent* v. *Zoning Board of Review,* 75 R. I. 64. That case was first reported in *Id.,* 74 R. I. 89, where it was held that the board had exceeded its jurisdiction by failing to apply the proper test. We granted the petition, quashed the deci-

sion and ordered the records returned to the board for reconsideration, reserving the right to the board to hear further evidence if it desired. The board did reconsider without further hearing and again denied the application for a variance, but did so in accordance with the standards required by law. On review of that decision, reported in *Kent v. Zoning Board of Review*, 75 R. I. 64, we found that the board applied the proper standards and that its decision was supported by the evidence before it.

In the instant case the board likewise found in effect that the variance if granted would be contrary to the public interest, further that a denial of the variance sought would not result in an unnecessary hardship, and denied the application without the benefit of additional evidence. Its decision, however, is therefore now open to review on the question of whether it abused its discretion in denying the application on the state of the record before it. We are of the opinion that there is no competent evidence on which the board could rely.

The evidence is uncontradicted that for a long period of years every effort to dispose of the property for residential purposes was unsuccessful; that the strip of land running along the highway, although having no outcropping, consists of ledge and is unsuitable for houses, the cost of construction being prohibitive; and further that the remainder of the property being covered with a high mass of outcropping is not adaptable to any use. This latter fact is conceded by respondent in its brief and oral argument.

The testimony of a remonstrant that he thought somebody might be interested in it, if it were offered for residential purposes, because there are residences not too far removed, is an opinion not based on any factual testimony to support it.

We are at a loss to understand respondent's conclusion that petitioner's statement to the effect that it was not necessary to grant a variance for the entire twenty acres

defeats all inferences of hardship. As previously noted, all parties agree that the remainder of the property can never be put to any beneficial use regardless of the zoning regulations to which it is subject. For all practical purposes, therefore, the only property to be affected is the strip previously described.

Nor is there any evidence to support a finding that the variance if granted would be contrary to the public interest. The character of the immediate neighborhood is such that the construction of a modern commercial building would, as petitioner suggests, most likely improve rather than impair the appearance of the district.

In support of its contention that the variance sought would be contrary to the public interest, the respondent further contends that home owners whose properties are located within the zone in question purchased their homes relying on the belief that the area would continue to be zoned exclusively for residential purposes. There is no merit in this contention. Every residential zone in any community is subject to the possibility of exceptions contained within the local ordinance adopted pursuant to the enabling act, as well as to the possibility of variations in appropriate cases as are specifically authorized by the enabling act whether included within a local ordinance or not.

We have not overlooked the remarks of several remonstrants whose general objections included reference to a curve at or about the site of the property in question. The decision of the board omits any reference to traffic hazards which would be created if the application were approved, indicating that the board gave little or no weight to such observations, and we are of the opinion that standing alone they would not support the board's decision. See *Jacques v. Zoning Board of Review*, 64 R. I. 284.

The petition is granted, the decision is quashed, and the

232

records and papers are ordered returned to the respondent board with our decision endorsed thereon.

*Irving I. Zimmerman,* for petitioner.

*Janice A. Fournier,* Woonsocket Planning Division, for respondent.